UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRANSFRESH CORP.,<br><br>    Plaintiff,<br><br>v.<br><br>GANZERLA & ASSOC., INC., ET AL.,<br><br>    Defendants.<br>_____/ | No. C-11-06348 JCS<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) [Docket No. 10]** |

## I. INTRODUCTION

Plaintiff TransFresh Corp. ("TransFresh") brings this action for injunctive relief and other remedies under the Lanham Act, 15 U.S.C. §§ 1051 *et. seq.*, and under California state law based on alleged false advertising and unfair competition on the part of Defendant PeakFresh USA ("PeakFresh") in connection with statements and a video posted on PeakFresh's website. According to TransFresh, the video purports to compare PeakFresh's system for packaging fresh produce to maintain freshness during transport with that of TransFresh and misleadingly depicts PeakFresh's as being more environmentally friendly than TransFresh's. TransFresh further seeks a declaratory judgment, pursuant to 28 U.S.C. § 2201, that it has not made false and misleading statements to the public or its customers about PeakFresh's products and services. Defendants have filed a Motion to Dismiss Complaint Pursuant to Federal Rules of Civil Procedure 12(b)(6) ("the Motion"). The parties have consented to the jurisdiction of a United States magistrate judge pursuant to 28 U.S.C. § 636(c).

The Court finds that the Motion is suitable for determination without oral argument, pursuant to Civil Local Rule 7-1(b). Accordingly, the hearing set for **March 30, 2012** is **vacated.** **The Case Management Conference scheduled for March 30, 2012 at 9:30 a.m. is moved to 1:30**

**p.m. on the same day.** For the reasons stated below, the Motion is GRANTED in part and DENIED in part.

## II. BACKGROUND

### A. The Complaint[1]

Plaintiff TransFresh is a Delaware corporation whose principal place of business is Salinas, California. Complaint, ¶ 7. Plaintiff markets products and services to maintain the freshness of produce during transport using its proprietary technology, under the trademark TECTROL. *Id.*, ¶ 8. According to TransFresh, it is the industry leader and has provided goods and services in the field for over four decades. *Id.*, ¶8

Part of Plaintiff's technology uses "a relatively small amount of $CO_2$ in connection with food products" to preserve the freshness of the produce that is being transported. *Id.*, ¶ 9. "Plaintiff recovers $CO_2$ from processes where it would otherwise be released into the atmosphere." *Id*. $CO_2$ as a food additive is on the FDA's Generally Recognized as Safe list. *Id.*, ¶ 10.

Defendant Greg Ganzerla is an individual and is alleged to be the principal of Defendant Ganzerla & Associates, Inc., also doing business as PeakFresh. *Id.*, ¶ 12. PeakFresh also markets products and services to enhance the freshness of produce and as such, is a direct competitor of TransFresh. *Id.*, ¶ 13.

Defendants operate a website located at www.PeakFreshusa.com (the "Website") on which they have posted a video (the "Video") that "purports to discuss preserving the environment and to explore 'one promising example' of working in greater harmony with the environment," namely, Defendants' PeakFresh system. *Id.*, ¶¶ 14, 16. TransFresh alleges, on information and belief, that Defendants solicited production of the Video, and/or had substantial input of information to the Video, and/or had substantial control over the information to be included in the Video, and/or assisted in the filming of the Video." *Id.*, ¶ 15. TransFresh alleges that the Video "features [its]

---

[1]The Court assumes the allegations in the complaint to be true for the purposes of this motion. *See Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 338 (9th Cir. 1996)(on motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court assumes the facts alleged in the complaint are true).

2

1 equipment, [which is] readily recognizable by consumers of each party's goods and services, to
2 illustrate what the Video claims are harmful practices in Plaintiff's use of $CO^2$ in its fresh produce
3 pallet covers." *Id*., ¶ 16. TransFresh further alleges that the Video compares the $CO^2$ released from
4 Plaintiff's process to car exhaust, even though car exhaust contains far more $CO^2$, as well as
5 damaging components absent in Plaintiff's process, including ozone, nitrogen oxide, hydrocarbons,
6 carbon monoxide, and particulates. *Id*., ¶ 18.

7 According to TransFresh, the Video "omits to state that a significant amount of the $CO^2$
8 released has been produced by the berries themselves [and] [t]he net amount of $CO^2$ released when
9 opening Plaintiff's produce pallet is only marginally greater than that created by produce using the
10 PeakFresh method." *Id*., ¶ 19. Further, TransFresh alleges, the Video and the Website use the
11 perjorative term "gassing" when referring to Plaintiff's TECTROL process. *Id*., ¶ 20. Plaintiff
12 alleges that the Video's claims that Plaintiff's products and services introduce an unhealthy amount
13 of $CO^2$ into the atmosphere are unsubstantiated and false on their face. *Id*., ¶ 29. Conversely,
14 TransFresh alleges that Defendants' claims that their method is "green" and more environmentally
15 responsible than alternative methods are unsubstantiated and untrue. *Id*., ¶¶ 31-34.

16 TransFresh alleges that the intended goal of the Video is to denigrate Plaintiff and its goods
17 and services and to destroy its reputation among actual and prospective customers as well as the
18 general public. *Id.*, ¶ 20. TransFresh also alleges that the Video makes many statements that are
19 "false on their face, misleading, and/or fail to disclose information needed to prevent the statements
20 from being misleading." *Id*., ¶ 21. For example, TransFresh alleges that Defendants falsely claim in
21 the Video, as well as on its Website, that PeakFresh uses modified atmosphere packaging ("MAP");
22 according to TransFresh, the Video shows pallets of produce, but PeakFresh's pallet cover system is
23 not, in fact, a MAP system. *Id*., ¶ 22-23. "MAP packaging is a food-packaging method in which the
24 proportions of carbon dioxide, nitrogen, and oxygen in a *sealed* container are different from those in
25 the normal (ambient) air to enhance the food's shelf life." *Id*., ¶ 23. However, PeakFresh's bag is
26 open at the bottom and does not "significantly modify the ambient air." *Id*.

3

TransFresh also alleges that PeakFresh has sent prospective strawberry shipper customers a sample of a PeakFresh consumer bag, which is sealable, and told them that they can test its pallet cover system by putting some strawberries inside the sealable bag and putting it in the customer's home refrigerator. *Id*. ¶ 24. "PeakFresh then states or implies that the PeakFresh *unsealed* pallet cover system will work as well as the *sealed* bag on strawberries, a statement which has no foundation." *Id*. According to Plaintiff, Defendants have also falsely claimed that strawberries shipped in a PeakFresh pallet bag have a shelf life of at least 20 days but has provided no substantiation for this claim. *Id*., ¶ 44. In addition, TransFresh alleges that Defendants have falsely claimed that Plaintiff's goods and services are not certified as organic. *Id*., ¶ 45.

TransFresh also alleges that Defendants make misleading and false references to a 1999 UC Davis study that they claim "validated that PeakFresh works just as effectively as the older gassing methods" when in fact, the study was inconclusive. *Id*., ¶ 43. According to TransFresh, Defendants have "also cited to a 2009 study that was inconclusive (without stating that it was inconclusive) and have not referred to more recent studies conducted by UC Davis in 2009 and 2010." *Id*.

TransFresh alleges that it has requested information from Defendants, including by letter dated February 16, 2011, supporting the claim that the PeakFresh process is more beneficial to the environment than competing solutions, but PeakFresh has not provided any supporting information. *Id*., ¶ 48. TransFresh has also complained to Defendants that their statements and the Video violate federal and state law, but Defendants have refused to remove them from the PeakFresh website. *Id*., ¶ 51.

TransFresh alleges, "[o]n information and belief, [that] Defendants' acts described herein are intended to convey a false or misleading message" and that "Defendants' actions have been committed willfully, maliciously and intentionally." Complaint, ¶¶ 49, 57.

TransFresh alleges that it has suffered injury in the form of loss of reputation and business as a result of Defendants' conduct.

Based on these allegations, TransFresh asserts the following claims against Defendants: 1) false advertising, false designation and description and unfair competition under the Lanham Act, 15

4

U.S.C. § 1125(a); 2) unfair competition and false advertising under California Business and Professions Code, Sections 17200, 17500 & 17508; 3) declaratory judgment under 28 U.S.C. § 2201; 4) "greenwashing" in violation of California Business and Professions Code Sections 17580 & 17580.5; 5) unfair competition under California common law; 6) trade libel under California Civil Code Sections 45, 45a & 46; and 7) intentional interference with prospective economic advantage.

In support of Plaintiff's claim for declaratory relief (Claim Two), Plaintiff alleges that Defendants sent Plaintiff a "cease-and-desist" letter dated November 30, 2011 ("the Cease-and-Desist Letter") complaining that Plaintiff's website and sales representatives had "intentionally posted and communicated false advertisements to the general public or customers, that Plaintiff made false disparaging remarks regarding Defendants' products to clients, retailers or growers, that Plaintiff made false and misleading statements to the public, and that the facts in Plaintiffs' communications are not substantiated." *Id.*, ¶ 76. Plaintiff further alleges that the letter threatened litigation, stating as follows:

> Unless this matter is immediately resolved to our client's satisfaction, we intend to hold TransFresh responsible and liable for its unlawful and tortious conduct. We demand that TransFresh respond to this letter by no later than December 9, 2011. If you fail or refuse to comply with each of the demands listed above within the period specified, we will take all necessary steps to enforce and protect PeakFresh's rights and remedies. If this matter should proceed to litigation, please note that TransFresh will be required to compensate our client for any and all damages incurred and will be required to disgorge any and all revenues arising from its unlawful conduct. Govern yourself accordingly.

*Id.*, ¶ 77.

### B. The Motion to Dismiss

In the Motion, Defendants assert that all of TransFresh's claims sound in fraud and therefore, that the heightened pleading requirement of Rule 9(b) of the Federal Rules of Civil Procedure applies. Motion at 5 (citing *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103-04 (9th Cir. 2003)). Defendants further contend that Plaintiff has not pleaded sufficient facts in support of its claims to meet this standard. *Id.* at 6-12. Defendants also argue that all of Plaintiff's claims against Gregory Ganzerla as an individual fail because Plaintiff has not alleged specific facts relating to any alleged wrongful conduct but instead has only alleged that Ganzerla is the principal of PeakFresh. Finally,

5

Defendants contend that Plaintiff's claim for declaratory relief (Claim Three) is not ripe because the Cease-and-Desist Letter was merely an "attempt to reach an informal resolution of the issues contained therein," the alleged controversy is "hypothetical," and withholding review will not result in any "direct or immediate hardship" to Plaintiff.

In its Opposition, Plaintiff argues that Rule 9(b) does not apply to any of its claims and that even if it does, Plaintiff's factual allegations are sufficient to meet that standard. Plaintiff rejects Defendants' argument that its claims against Ganzerla as an individual fail on the basis that no misconduct by Ganzerla is alleged. Plaintiff points to its extensive factual allegations against "Defendants," expressly defined in the Complaint as including PeakFresh *and* Ganzerla. *See* Complaint, ¶ 12. With respect to its claim for declaratory relief, Plaintiff asserts that Defendants' Cease-and-Desist Letter is not an informal attempt to resolve a dispute but rather, a direct and urgent threat of litigation that gives rise to an actual controversy.

### III. ANALYSIS

#### A. Legal Standard

##### 1. Rule 12(b)(6)

A complaint may be dismissed for failure to state a claim for which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(b)(6). "The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint." *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). In ruling on a motion to dismiss under Rule 12, the court analyzes the complaint and takes "all allegations of material fact as true and construe(s) them in the lights most favorable to the non-moving party." *Parks Sch. of Bus. v. Symington,* 51 F.3d 1480, 1484 (9th Cir. 1995). Dismissal may be based on a lack of a cognizable legal theory or on the absence of facts that would support a valid theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Bell Atl. Corp. v. Twombley*, 550 U.S. 544, 562 (2007) (citing *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)). The factual allegations must be

definite enough to "raise a right to relief above the speculative level." *Id*. at 555. However, a complaint does not need detailed factual allegations to survive dismissal. *Id*. Rather, a complaint need only include enough facts to state a claim that is "plausible on its face." *Id*. at 570. That is, the pleadings must contain factual allegations "plausibly suggesting (not merely consistent with)" a right to relief. *Id*. at 1557 (noting that this requirement is consistent with Fed. R. Civ. P. 8(a)(2), which requires that a pleading which sets forth a claim for relief shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief").

### 2. Rule 9(b)

Rule 9(b) of the Federal Rules of Civil Procedure provides as follows:

> Fraud or Mistake; Conditions of Mind. In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

Fed. R. Civ. P. 9(b). Where fraud is alleged, the pleading requirements of Rule 9(b) apply whether the claim is based on federal or state law. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1102 (9th Cir. 2003).

"Rule 9(b) applies when (1) a complaint specifically alleges fraud as an essential element of a claim, (2) when the claim 'sounds in fraud' by alleging that the defendant engaged in fraudulent conduct, but the claim itself does not contain fraud as an essential element, and (3) to any allegations of fraudulent conduct, even when none of the claims in the complaint 'sound in fraud.'" *Davis v. Chase Bank U.S.A., N.A.*, 650 F. Supp.2d 1073, 1089-1090 (C.D. Cal. 2009) (citing *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d at 1102-06). In *Vess*, the Ninth Circuit offered guidance as to the applicability of Rule 9(b) to claims in which fraud is not an essential element of the claim where the complaint includes allegations of both fraudulent and non-fraudulent conduct. 317 F.3d 1097, 1104-1105 (9th Cir. 2003). The court adopted the following rule:

> in a case where fraud is not an essential element of a claim, only allegations ("averments") of fraudulent conduct must satisfy the heightened pleading requirements of Rule 9(b). Allegations of non-fraudulent conduct need satisfy only the ordinary notice pleading standards of Rule 8(a).

*Id*. at 1104. The court explained that "[i]n some cases, the plaintiff may allege a unified course of fraudulent conduct and rely entirely on that course of conduct as the basis of a claim," in which case, "the claim is said to be 'grounded in fraud' or to 'sound in fraud,' and the pleading of that claim as a whole must satisfy the particularity requirement of Rule 9(b)," even though fraud is not a required element of the claim. *Id*. at 1103. On the other hand, "a plaintiff may choose not to allege a unified course of fraudulent conduct in support of a claim, but rather to allege some fraudulent and some non-fraudulent conduct," in which case "only the allegations of fraud are subject to Rule 9(b)'s heightened pleading requirements." *Id*.

Thus, on a motion to dismiss, "if particular averments of fraud are insufficiently pled under Rule 9(b), a district court should 'disregard' those averments, or 'strip' them from the claim . . .[and] then examine the allegations that remain to determine whether they state a claim." *Id*. (quoting *Lone Star Ladies Inv. Club v. Schlotzsky's Inc*., 238 F.3d 363, 368 (5th Cir.2001) ("Where averments of fraud are made in a claim in which fraud is not an element, an inadequate averment of fraud does not mean that no claim has been stated. The proper route is to disregard averments of fraud not meeting Rule 9(b)'s standard and then ask whether a claim has been stated"); *Carlon v. Thaman (In re NationsMart Corp. Sec. Litig.)*, 130 F.3d 309, 315 (8th Cir.1997)("The only consequence of a holding that Rule 9(b) is violated with respect to a § 11 claim would be that any allegations of fraud would be stripped from the claim. The allegations of innocent or negligent misrepresentation, which are at the heart of a § 11 claim, would survive").

To satisfy Rule 9(b), the plaintiff must include "the who, what, when, where, and how" of the fraud. *Vess*, 317 F.3d at 1106 (citations omitted). "The plaintiff must set forth what is false or misleading about a statement, and why it is false." *Decker v. Glenfed, Inc.*, 42 F.3d 1541, 1548 (9th Cir. 1994). A claim for fraud must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985). The heightened pleading requirements of Rule 9(b) are intended to protect defendants from harm to their reputation and are based on the recognition that "[f]raud allegations

8

1 may damage a defendant's reputation regardless of the cause of action in which they appear." *Vess*,
2 317 F.3d at 1104.

3 While the Federal Rules of Civil Procedure do not explicitly provide that a complaint or claim can be dismissed for failure to satisfy the requirements of Rule 9(b) where that rule is applicable, it is well established that such dismissal is appropriate. *Vess*, 317 F.3d at 1107. As the court in *Vess* explained, "[a] motion to dismiss a complaint or claim 'grounded in fraud' under Rule 9(b) for failure to plead with particularity is the functional equivalent of a motion to dismiss under Rule 12(b)(6) for failure to state a claim. *Id.*

### B. Sufficiency of Allegations

#### 1. Whether Rule 9(b) Applies to Plaintiff's Claims

The same factual allegations support all of Plaintiff's claims except the declaratory relief claim. The crux of TransFresh's claims are that PeakFresh has made numerous misleading and false representations regarding its own processes and those of TransFresh and that PeakFresh's conduct was (and continues to be) knowing and intentional. There is no suggestion that any of the statements or omissions alleged in the complaint are the result of mistake. To the contrary, the Complaint alleges generally that Defendants' conduct was "committed willfully, maliciously and intentionally." Complaint, ¶ 57. Therefore, the Court finds that Plaintiff's claims (except its declaratory relief claim) sound in fraud and must meet the heightened pleading requirements of Rule 9(b). *See Pestube Systems, Inc. v. HomeTeam Pest Def., LLC*, 2006 U.S. Dist LEXIS 34337 at *14-15 (D. Ariz. May 24, 2006) (applying Rule 9(b) to Lanham Act claim where court found that claim was "analogous to a claim of fraud" because "the crux of [the p]laintiff's Lanham Act violation claim is based upon unidentified alleged false or misleading material descriptions of facts knowingly misrepresenting the nature, characteristics, or qualities of Defendant's products"); *Sensible Foods, LLC v. World Gourmet, Inc.*, 2011 WL 5244716, at *7 (N.D.Cal. November 3, 2011)(applying Rule 9(b) to false advertising claim under Cal. Bus. & Prof. Code Section 17500 on basis that claim sounded in fraud); *Planet Coffee Roasters, Inc. v. Dam*, 2009 WL 2486457, at * 4 (C.D.Cal., August 12, 2009) (applying Rule 9(b) to common law unfair competition claim on basis that claim sounded

9

in fraud); *People for the Ethical Treatment of Animals, Inc. v. California Milk Producers Advisory Board*, 125 Cal.App.4th 871, 902 (2005) (noting that Cal. Bus. & Prof. Code Section 17580 prohibits a specific form of false advertisements, "those associated with 'environmental misrepresentations'"); *Huntair, Inc. v. Gladstone*, 774 F.Supp.2d 1035, 1044 (N.D.Cal., 2011) (applying Rule 9(b) to claim for intentional interference with prospective economic relations).[2]

### 2. Whether Plaintiff has Alleged Sufficient Facts as to PeakFresh

As discussed above, to satisfy Rule 9(b), the plaintiff must include "the who, what, when, where, and how" of the fraud. *Vess*, 317 F.3d at 1106. The Court addresses each of these requirements as to the misrepresentations alleged in the complaint.

#### a. Statements Made in The Video

Plaintiff identifies a number of representations contained in the Video that it contends are false and misleading. *See* Complaint, ¶¶ 18 (use of $CO^2$ in TransFresh's process is significant and harmful to environment, comparable to car exhaust), 22 (PeakFresh uses a "unique version of modified atmosphere packaging"), 29 (TransFresh's process releases unhealthy amounts of $CO^2$ into environment while PeakFresh's process is a healthy or "green" alternative), 31 (PeakFresh's method is more environmentally responsible and safer for employees than alternative methods). As to these

---

[2]The Court notes that some courts have held generally that Rule 9(b) does not apply to claims for libel and slander. *See, e.g., Kennedy Funding, Inc. v. Chapman,* 2010 WL 4509805, at *5 (N.D.Cal., November 3, 2010) (holding that defamation, which encompasses both libel and slander, is not subject to heightened pleading requirement of Rule 9(b)); *N'Genuity Enterprises Co. v. Pierre Foods, Inc.*, 2009 WL 2905722, at * 14 (D.Ariz., Sept. 9, 2009) ("The Federal Rules of Civil Procedure do not include [defamation, libel and slander] among the list of allegations that must be pled with particularity, and "[a] requirement of greater specificity for [pleading] particular claims is a result that must be obtained by the process of amending the Federal Rules, and not by judicial interpretation"); *U.S. ex rel. Putnam v. Eastern Idaho Regional Medical Center*, 2008 WL 4498812, at *1 (D.Idaho, October 3, 2008) ("[w]hile the Federal Rules of Civil Procedure require more specific pleading in certain cases, defamation cases are not among them"). In this line of cases, *Vess* is not addressed at all; rather, the holdings in these cases appear to derive from the Supreme Court's rejection of heightened pleading standards in the context of employment discrimination claims in *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 515 (2002) and *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993). Those case, however, acknowledge that averments of fraud are subject to Rule 9(b). *See Leatherman*, 507 U.S. at 168; *Swierkiewicz*, 534 U.S. at 513. Thus, they leave open the possibility that a claim such as libel may be subject to Rule 9(b) where, as here, the alleged conduct upon which it is based is fraudulent.

statements, Plaintiff has identified specific statements, the source of those statements (a video allegedly made with PeakFresh's participation), when they were made (ongoing), where they can be found (the PeakFresh website) and why they are misleading (because TransFresh's process is not harmful to the environment, PeakFresh's process is not more environmentally friendly than TransFresh's and PeakFresh does not use MAP packaging). The Court finds that these allegations are sufficient to meet the pleading requirements of Rule 9(b) as to PeakFresh.

### b. Statements Made on the Website

Plaintiff alleges that a number of statements on the PeakFresh website are false. *See* Complaint, ¶¶ 31 (claims that Defendants' method is a "green" method and safer for employees and the environment than alternative methods). Plaintiff identifies specific statements, the source of the statements (PeakFresh), and where they can be found (the Website), as well as including allegations explaining why the statements are false and misleading. Although the statements are described in a somewhat cursory fashion, the Court concludes that the allegations are sufficient to meet the pleading requirements of Rule 9(b) as to PeakFresh.

### c. Statements Made in Connection With PeakFresh's Sealable Bags

Plaintiff alleges PeakFresh has sent potential customers sealable bags and instructed them to test them in their home refrigerator and then states or implies that its open pallet covers work as well as the sealed bags, "a statement which has no foundation." Complaint, ¶ 24. This allegation does not meet the requirements of Rule 9(b). Although the "what" and "why" are alleged, TransFresh does not include allegations identifying who specifically made these statements, when the statements were made, or to whom they were made. Accordingly, to the extent Plaintiff's claims are based on these alleged misrepresentations, the claims are not sufficiently alleged.

11

### d. Statements Made in Connection with UC Davis Study

Plaintiff alleges that PeakFresh has made statements that misrepresent the findings of a 1999 UC Davis study, circulated an altered version of the UC Davis study, and failed to refer to more recent UC Davis studies in 2009 and 2010. Complaint, ¶ 43. These allegations fail under Rule 9(b) on several grounds. First, TransFresh fails to allege when and where the statements about the 1999 UC Davis study were made. Second, TransFresh does not explain why PeakFresh's failure to refer to the 2009 and 2010 studies is misleading. Third, Plaintiff does not include allegations identifying how the version of the study circulated by PeakFresh was altered or why the altered version is misleading. Accordingly, to the extent Plaintiff's claims are based on these alleged misrepresentations, the claims are not sufficiently alleged.

### e. Other Statements

Plaintiff alleges that Defendants have falsely claimed that strawberries shipped in a PeakFresh pallet bag have a shelf life of 20 days, and that Defendants have falsely claimed that Plaintiff's goods and services are not certified as organic. Complaint, ¶¶ 44, 45. Plaintiff does not, however, allege specific facts as to when or where these statements were made, who made the statements, or why they are misleading. Accordingly, to the extent Plaintiff's claims are based on these alleged misrepresentations, the claims are not sufficiently alleged.

### 3. Whether Plaintiff has Alleged Sufficient Facts as to Gregory Ganzerla

Under California law, principals do not incur personal liability for the torts of the corporation merely by virtue of their corporate position. *United States Liability Ins. Co. v. Haidinger-Hayes, Inc.*, 1 Cal. 3d 586, 595 (1970). However, they may be liable if they "participate in the wrong or authorize or direct that it be done." *Id*. Where there are multiple defendants who are alleged to have engaged in fraudulent conduct, "a plaintiff must, at a minimum, 'identif[y] the role of [each] defendant[ ] in the alleged fraudulent scheme.'" *Swartz v. KPMG LLP*, 476 F.3d 756, 765 (9th Cir. 2007) (quoting *Moore v. Kayport Package Express, Inc*., 885 F.2d 531, 541 (9th Cir.1989)).

Here, it is unclear from Plaintiff's allegations the basis for imposing individual liability on Gregory Ganzerla as to the specific statements discussed above. Therefore, the Court finds that Plaintiff has not satisfied the requirements of Rule 9(b) as to Gregory Ganzerla.

The Court rejects TransFresh's argument that its claims are adequately pleaded as to Gregory Ganzerla because Ganzerla may be PeakFresh's alter-ego, which is a factual question. While an individual who is found to be an alter-ego of a corporation may be held liable for the statements of the corporation, *Misik v. D'Arco*, 197 Cal.App.4th 1065,1071-1072 (2011), Plaintiff has not alleged alter-ego liability or any facts that would support such a theory in its complaint. *See Wady v. Provident Life and Accident Ins. Co. of America*, 216 F.Supp.2d 1060, 1067 (C.D.Cal., 2002) (listing cases holding that alter ego liability was waived because it was not alleged in complaint).

### C. Whether Declaratory Relief Claim is Ripe

The Declaratory Judgment Act ("the Act") provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). The Supreme Court has held that the phrase "case of actual controversy" in the Act refers to the type of "Cases" and "Controversies" that are justiciable under Article III. *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (quoting *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240 (1937)). That standard, in turn, requires that the dispute before the court must be "'definite and concrete, touching the legal relations of parties having adverse legal interests'; and that it be 'real and substantial' and 'admi[t] of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'" *Id.* (quoting *Aetna*, 300 U.S. at 240-41). The Court summarized the standard for determining whether a cases or controversy exists as follows: "Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id.* (quoting *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941)). The *MedImmune* Court expressly rejected the Federal

13

Circuit's "reasonable apprehension of suit" test, which required that a party seeking declaratory relief establish that there is an "imminent threat of suit." *Id*. at 132 n. 11.

In this case, the standard articulated in *MedImmune* is met. The Cease-and-Desist Letter, which was referenced in the Complaint, accused TransFresh of false advertising, listed specific statements and addressed in detail why these statements were false and misleading. *See* Declaration of E. Lynn Perry in Support of Plaintiff Transfresh Corporation's Response to Defendants' Motion to Dismiss Complaint Pursuant to FRCP Rule 12(b)(6) ("Perry Decl."), Ex. 1 (Cease-and-Desist Letter). Notably, the statements at issue are, essentially, mirror images of the statements about which TransFresh complains. In particular, PeakFresh complained in the Cease-and-Desist Letter that the following statements on the TransFresh website are false and unsubstantiated: 1) "Tectrol has repeatedly demonstrated increased revenue potential of 2-10% over standard refrigeration and open bags;" and 2) Tectrol treated strawberries averaged 11% less decay than open bags after simulated transit and distribution." *Id*. PeakFresh also threatened to "hold TransFresh responsible and liable for its unlawful and tortious conduct" if TransFresh did not comply PeakFresh's demands by December 9, 2011. *Id*. Based on the issues raised in the Cease-and-Desist Letter, the Court finds that there is a substantial controversy between the parties, that they have adverse interests, and that the controversy is real and immediate. Therefore, the Court rejects PeakFresh's assertion that this claim is not ripe for adjudication.

## IV. CONCLUSION

For the reasons stated above, the Motion is Granted in part and Denied in part. In particular, Plaintiff's claims are dismissed to the extent that: 1) they are alleged against Gregory Ganzerla; and 2) they are based on statements the Court has found do not meet the pleading requirements of Rule

14

9(b), discussed above.  The Court Denies the Motion in all other respects.  Plaintiff shall be permitted to file an amended complaint addressing the deficiencies identified in this Order no later than thirty (30) days from the date of this Order.

    IT IS SO ORDERED.

Dated:  March 23, 2012

JOSEPH C. SPERO
United States Magistrate Judge

15